YINGLING, Plaintiff in error, v. STATE, Defendant in error.

*Nos. 75-273-CR, 75-274-CR. Argued June 2, 1976.—*
*Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 420.)

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Jack E. Schairer,* assistant state public defender, and oral argument by *Mr. Schairer.*

For the defendant in error the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. The question which the plaintiff seeks to present is one of double jeopardy. His claim is that he was sentenced to the county jail under the Huber

Law, sec. 56.08 (1), Stats., but subsequently the trial judge treated his incarceration in the county jail as a condition of probation, revoked the probation, and imposed the two-year sentence originally pronounced by the court. He thus claims that he was twice punished for the same offense. We do not reach the merits of this contention, because Yingling has now been fully discharged from any custody or control and this court would be unable to afford him any relief in these proceedings. The case is moot, and the writs of error are dismissed.

We, however, conclude that the facts herein present an appropriate vehicle to once again call to the attention of trial judges the care that must be utilized in sentencing under the Huber Law, sec. 56.08 (1), Stats., and ordering probation under sec. 973.09 (4), which provides that a sentenced offender may be placed on probation, with a condition of that probation being that the probationer is to be confined to the county jail between the hours of his employment.

The judgment of the trial court in the instant case is illustrative of the confusion that may result when the two statutes above are not carefully distinguished and the trial judge fails to use completely accurate terminology. The sentence in this case provided:

"IT IS ADJUDGED that execution of the sentence be stayed and that the defendant is placed on probation for the period of Two (2) years in the custody and control of the Department of Health and Social Services subject to its rules and orders and subject to the following conditions: Defendant shall be confined in the Waupaca County Jail for the first six months of his Probation. *Huber Law* privileges granted." (Emphasis supplied.)

In *Prue v. State* (1974), 63 Wis. 2d 109, 114, 216 N. W. 2d 43, this court said:

"Those receiving Huber Law privileges are serving a sentence. Probation is an alternative to a sentence; and the fact that a condition of confinement in the county jail is similar to the confinement of a sentence under the Huber Law does not make a probation a sentence."

Accordingly, where a criminal case is disposed of under the Huber Law, the defendant has in fact received a sentence, and any attempt to alter that disposition by the reimposition of criminal sanctions may well result in a double jeopardy situation.

In the instant case, were we to proceed to the decision on the merits, we would conclude that the trial judge intended to place the defendant on probation, with a condition of that probation being that the defendant was to be confined to the county jail with the work-release privileges set forth in sec. 973.09 (4), Stats. The phrase, "Huber Law privileges," was clearly used loosely and incorrectly as being descriptive of those probation, work-release privileges.

As *Prue* pointed out, those who receive Huber Law privileges under sec. 56.08 (1), Stats., serve a sentence. A person confined to the county jail as a condition of probation does not serve a sentence. *State v. Wills* (1975), 69 Wis. 2d 489, 230 N. W. 2d 827. We have previously adverted to the occasional confusion of terminology whereby the term, "Huber Law" is used interchangeably to describe the work-release privileges of sec. 973.09 (4). *State v. Schaller* (1975), 70 Wis. 2d 107, 113, 233 N. W. 2d 416. We emphasize that the terminology of these discrete statutory provisions cannot be used interchangeably without running the risk of an inappropriate sentence in excess of statutory authority. The misuse of the term may also result in a colorable claim of double jeopardy.

*By the Court.*—Writs dismissed.