STATE of Wisconsin, Plaintiff-Respondent,†

v.

Scott E. WILLIAMS, Defendant-Appellant.

Court of Appeals

*No. 93–2517–CR. Submitted on briefs June 24, 1994.—Decided July 27, 1994.*

(Also reported in 520 N.W.2d 920.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James M. Shellow* and *Craig W. Albee* of *Shellow, Shellow & Glynn, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. The issue on appeal is whether, in a multiple-count criminal complaint setting, the State must establish probable cause at preliminary hearing as to a particular count or merely probable cause as to a felony having been committed. We hold that § 970.03(10), STATS., requires probable cause to support the particular count. We reverse the trial court's ruling to the contrary.

## FACTS AND PROCEDURE

The controlling facts and procedure are not disputed. The State filed a ten-count criminal complaint against Scott E. Williams alleging various drug-related offenses, including five felony counts of delivery of, or possession with intent to deliver, a controlled substance within 1000 feet of a park, contrary to § 161.49(1), STATS. At the preliminary hearing, the State established probable cause for the underlying felonies of delivery or possession with intent to deliver. However, the State failed to offer any evidence in support of the penalty enhancer allegations that the offenses occurred within 1000 feet of a park.

Nonetheless, the preliminary hearing court bound Williams over for trial. The court ruled that despite the lack of proof regarding the "1000 foot" provision, the State had established probable cause that Williams had committed the underlying felonies of delivery of, or possession with intent to deliver, a controlled substance.[1]

The State then filed an information alleging the same counts as originally charged in the complaint,

---

[1] The Honorable Bruce K. Schmidt presided at the preliminary hearing.

including the penalty enhancer allegations.[2] Williams moved the trial court to dismiss these five counts on the grounds that the evidence at the preliminary hearing did not demonstrate probable cause that the offenses occurred within 1000 feet of a park. The court denied the motion.[3]

Williams sought and we granted this interlocutory appeal. *See* § 808.03(2) and RULE 809.50, STATS.

## DISCUSSION

### *The Penalty Enhancer As An Element Of The Offense*

To set the backdrop to this case, we first summarize the law of a penalty enhancer allegation as it relates to the underlying charge and as it bears upon the State's burden of proof at trial. We do not read the parties' briefs to disagree with our following summary.

Section 161.49(1), STATS., provides, inter alia, that if any person delivers or possesses with intent to deliver a controlled substance within 1000 feet of a park, "the maximum term of imprisonment prescribed by law for that crime may be increased by 5 years." Thus, the "1000 foot" provision is a penalty enhancer.

A penalty enhancer, standing alone, is not a substantive criminal offense. *See State v. Villarreal*, 153 Wis. 2d 323, 329, 450 N.W.2d 519, 522 (Ct. App. 1989). However, if the State seeks to invoke the enhanced penalty, the State must prove the facts which underpin the penalty enhancer allegation as well as the elements of the underlying offense. *Id.* at 328-29, 450 N.W.2d at

---

[2] The information also included the other charges originally stated in the complaint.

[3] The Honorable Robert A. Hawley is the assigned trial judge.

522. Thus, a penalty enhancer rises to the level of an "element" of the offense and must be proven by the State at trial. *Id.* at 329-30, 450 N.W.2d at 522.

This case, however, concerns a preliminary hearing, not a trial. Therein lies the dispute between the parties which we now address.

### *Section 970.03*, STATS.

We begin with the relevant portions of § 970.03, STATS., governing preliminary hearings:

> **(7)** If the court finds probable cause to believe that a felony has been committed by the defendant, it shall bind the defendant over for trial.[4]
>
> . . ..
> **(9)** If the court does not find probable cause to believe that a crime has been committed by the defendant, it shall order the defendant discharged forthwith.
>
> **(10)** In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

Since this is a multiple-count case, Williams relies on the language of § 970.03(10), STATS., governing such complaints. The statute requires that the preliminary hearing court dismiss "any count for which it finds there is no probable cause." *Id.* Williams argues that this language is clear and unambiguous. He notes that

---

[4] Subsection (8) of § 970.03, STATS., provides, in part, that "[i]f the court finds that it is probable that only a misdemeanor has been committed by the defendant, it shall amend the complaint to conform to the evidence."

510

this language recites a different test for a bindover than that permitted in a single-count complaint as set out in § 970.03(7) which speaks only of "probable cause to believe that a felony has been committed." Since the State failed to provide any evidence of the facts underpinning the penalty enhancer, Williams concludes that the preliminary hearing judge was required to dismiss the charges pursuant to § 970.03(10).

In response, the State also argues that § 970.03(10), STATS., is clear and unambiguous, but it urges a different interpretation. However, to support its argument the State asks that we read the "probable cause to believe that a felony has been committed" language of § 970.03(7) into § 970.03(10)—an exercise which does not seem to support the State's contention that § 970.03(10) is plain on its face. The State then goes on to reason that since it proved the underlying offenses of delivery or possession with intent to deliver, it was free to file an information alleging different or additional charges which are not "wholly unrelated" to the original charge. *State v. Richer*, 174 Wis. 2d 231, 236, 496 N.W.2d 66, 67 (1993).

We disagree with the State that the language of § 970.03(10), STATS., clearly and plainly supports its interpretation. If anything, the language seems to clearly suggest the opposite interpretation urged by Williams: the court must dismiss "any count for *which* it finds there is no probable cause." *Id.* (emphasis added).

However, even if we reject Williams's argument that § 970.03(10), STATS., is clear and unambiguous, we nonetheless adopt his interpretation. This is because the legislative history of § 970.03(10) clarifies that a failure of proof at preliminary hearing compels dismissal. The note accompanying the enactment of § 970.03,

states in part: "Sub. (10) is a new provision *requiring a finding of probable cause as to each count in a multiple count complaint. If such a finding is not made as to any count, it shall be dismissed.*" Judicial Council Committee Note, 1969, WIS. STAT. ANN. § 970.03 (West 1985) (emphasis added).

Commentaries and notes from those familiar with the drafting of legislation are relevant and entitled to weight when a court construes the legislation. *See State v. Barkdoll*, 99 Wis. 2d 163, 176, 298 N.W.2d 539, 545 (1980). Any ambiguity in § 970.03(10), STATS., is resolved by this legislative history.[5] The note explains that probable cause is required as to each count charged. Therefore, the preliminary hearing court was required to dismiss the five counts before us on this appeal since the State proffered no evidence of the "1000 foot" penalty enhancer provision.

Section 970.03(10), STATS., goes on to provide that "[t]he facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971." Thus, the State's resurrection in the information of the original charges in the complaint, including the penalty enhancers, was prohibited by this language. Instead, the State must look to the final sentence of § 970.03(10) for any possible recourse: "Section 970.04 shall apply to any dismissed count." Section 970.04, STATS., provides for the issuance

[5] Williams alludes to this history in his brief-in-chief. The State's respondent's brief did not address this history, and, in fact, argues that no legislative history supports Williams's position.

of another complaint when the defendant has been previously discharged following a preliminary hearing.[6]

We conclude with an observation. Section 970.03(7) & (10), STATS., as presently written, produces two questionable results. First, it imposes a different set of preliminary hearing rules and procedures for single count criminal complaints as opposed to multiple count complaints. We are left to wonder why such should be so. However, the supreme court in *State v. Burke*, 153 Wis. 2d 445, 458-59, 451 N.W.2d 739, 745 (1990), has already acknowledged that the statute recognizes such a distinction, albeit not in the face of the particular issue or questionable result here.

Second, the statute permits an easy "end around" for the State to avoid the constraints of § 970.03(10), STATS. All the State need do is charge multiple counts in separate complaints. By doing so, the State reaps the benefits of what we refer to as the less onerous "any felony/probable cause" test for bindover set out in § 970.03(7). In addition, the State obtains the benefits of the "wholly unrelated" test as broadly interpreted in *Burke*. When one law functionally renders another meaningless, we think the entire law should be revisited. We make no judgment as to which approach is better, wiser or fairer. We simply observe that, in the meantime, the law is made to look silly.

---

[6] We do not hold with finality that the State may recharge Williams as to the counts which should have been dismissed. We simply observe that under appropriate circumstances, § 970.04, STATS., allows for the recharging of a defendant previously discharged.

We have no choice but to order what is clearly intended in the legislative history. Our authority does not permit us to rewrite the statute.[7]

*By the Court.*—Order reversed.

---

[7] In light of our holding that language and legislative history of § 973.03(10), STATS., governs the appellate issue, we need not address Williams's further argument that certain federal case law supports his reading of the statute.