STATE of Wisconsin, Plaintiff-Respondent,†

v.

John T. WILLIAMS, Defendant-Appellant.

Court of Appeals

*No. 93–2444–CR. Submitted on briefs August 11, 1994.—Decided November 17, 1994.*

(Also reported in 527 N.W.2d 338.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Gregory J. Meeker* of *Meeker & Associates, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Maureen McGlynn Flanagan*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.    John T. Williams appeals from a judgment convicting him of one count of first-degree recklessly endangering safety, contrary to § 941.30(1), STATS. A multiple-count complaint initially charged Williams with two counts of aggravated battery, contrary to § 940.19(1m) and (2), STATS., 1991-92,[1] and one count of second-degree recklessly endangering safety, contrary to § 941.30(2). This latter charge was dismissed at the preliminary hearing for lack of probable cause but the prosecutor subsequently filed an Information pursuant to § 971.01(1), STATS.,[2] charging

---

[1] Williams pled guilty to the first count of aggravated battery. This charge had an increased penalty for habitual criminality. Section 939.62(1)(a), STATS. For this offense, he was sentenced to prison for three years. Williams does not appeal this conviction.

[2] Section 971.01(1), STATS., provides:

Williams instead with first-degree reckless injury, contrary to § 940.23(1), STATS.

After a jury trial, Williams was found not guilty of the second count of aggravated battery and first-degree reckless injury, but guilty of first-degree recklessly endangering safety, a lesser-included offense of the latter charge. Williams contends that his conviction of first-degree recklessly endangering safety should be reversed because the prosecutor did not file a new complaint when Williams was charged with first-degree reckless injury. We agree, and therefore reverse the judgment of conviction of first-degree recklessly endangering safety.[3]

## BACKGROUND

On November 18, 1991, a prosecutor issued a multiple-count complaint charging Williams with two counts of aggravated battery and one count of second-degree recklessly endangering safety. At the preliminary hearing, the victim testified that Williams came to his home in the middle of the night and threw a rock at him which struck his head, causing serious injuries. The court concluded that given the nature of the injuries and the manner in which they occurred, it did not "have any problems concluding the [S]tate . . . met [its] burden of proof in showing that the defendant probably committed a felony offense and . . . [bound] the defen-

The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and, subject to s. 970.03(10), shall file an information according to the evidence on such examination subscribing his or her name thereto.

[3] Since we reverse Williams's conviction based upon the trial court's erroneous interpretation of § 970.03(10), STATS., we do not reach Williams's evidentiary arguments.

4

dant over for further proceedings on that count [of aggravated battery]."

With regard to the charge of second-degree recklessly endangering safety, the court determined that because of the victim's "description of what occurred and the circumstances surrounding the delivery of that blow, the object used, [and] the context surrounding how that blow was delivered," it concluded the State had not met its burden of proof with regard to that charge. Consequently, the court dismissed the charge.

After the preliminary hearing, the prosecutor filed an Information again charging Williams with the original two counts of aggravated battery but adding a new charge: first-degree reckless injury. Williams filed a pretrial motion to have that new charge dismissed arguing that pursuant to § 970.03(10), STATS.,[4] the prosecutor could only charge him with this offense via another complaint. The trial court concluded that the charge was proper and the case proceeded to trial.

Williams was found not guilty of aggravated battery and first-degree reckless injury, but guilty of first-degree recklessly endangering safety, a lesser-included offense of the latter charge which the trial court instructed the jury to consider. The court sentenced Williams to prison for nine years but stayed that sentence and ordered probation.[5] After trial, Williams filed a postconviction motion challenging the validity of

---

[4] Section 970.03(10), STATS., provides:

> In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

[5] This offense had an increased penalty for habitual criminality. Section 939.62(1)(b), STATS.

the charge. The trial court denied Williams's motion concluding that the State could charge Williams with any offense not wholly unrelated to a charge in the initial complaint. Williams appeals.

## STANDARD OF REVIEW

To determine the appropriate method of charging a defendant after one or more charges have been dismissed from a multiple-count complaint at a preliminary hearing for lack of probable cause, we must construe § 970.03(10), STATS. Statutory interpretation is a question of law which we review *de novo*. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). In construing a statute, our purpose is to determine the legislature's intent and give it effect. *Id*. The first step is to examine the statute's language, and, absent ambiguity, we give the language its ordinary meaning. *Id*. at 225-26, 496 N.W.2d at 179. If the language is unclear we determine legislative intent by examining the scope, history, context, subject matter and purpose of the statute. *Id*. at 226, 496 N.W.2d at 179.

## MULTIPLE-COUNT COMPLAINTS

The State concedes that had it recharged Williams with the same charge, § 970.03(10), STATS., requires that it have done so in a new complaint. But, it argues, since the prosecutor charged Williams with a different offense in the Information, § 970.03(10) is inapplicable. The State contends that the courts have expanded the power of the prosecutor to charge and that § 970.03(10) does not preclude a prosecutor from so doing. According to the State, the supreme court's holdings in *Bailey v.*

6

*State*, 65 Wis. 2d 331, 339, 222 N.W.2d 871, 876 (1974), *State v. Burke*, 153 Wis. 2d 445, 457, 451 N.W.2d 739, 744 (1990), and *State v. Richer*, 174 Wis. 2d 231, 243-47, 496 N.W.2d 66, 70-71 (1993), authorize a prosecutor to include in an Information any charge that is "not wholly unrelated" to a charge in the original complaint. We disagree.

Section 970.03(10), STATS., provides:

> In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. *The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971.* Section 970.04 shall apply to any dismissed count.

(Emphasis added.) We conclude that this language is not ambiguous but susceptible to one reasonable interpretation: when a charge is dismissed from a multiple-count complaint at the preliminary hearing for lack of probable cause, the prosecutor may not rely on the facts presented at the preliminary hearing with regard to the dismissed charge to form the basis of a new charge in an Information. *See State v. Williams*, 186 Wis. 2d 506, 512, 520 N.W.2d 920, 923 (Ct. App. 1994). Any new charge that arises out of facts relied upon to dismiss a count may not be included in an Information but may be included in another complaint pursuant to § 970.04, STATS.[6]

In *Bailey*, the defendant was charged with a single count of first-degree murder. *Bailey*, 65 Wis. 2d at 339, 222 N.W.2d at 875. After a preliminary hearing, the

[6] Section 970.04, STATS., provides: "If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if the district attorney has or discovers additional evidence."

7

defendant was bound over for trial on the murder charge and the prosecutor filed an Information charging the defendant with three additional counts. *Id.* In *Burke*, the defendant was initially charged with four counts of second-degree sexual assault but at the start of the preliminary hearing and before any witnesses testified, all but one of the charges were dismissed on the State's motion. *Burke*, 153 Wis. 2d at 449, 451 N.W.2d at 741. The defendant was bound over for trial on the single charge and the prosecutor subsequently filed an Information charging the defendant with five counts of second-degree sexual assault. *Id.* at 449-50, 451 N.W.2d at 741. Likewise, in *Richer*, the defendant was initially charged with one count of delivery of a controlled substance, bound over for trial, and the prosecutor later alleged a second count in an Information. *Richer*, 174 Wis. 2d at 237, 496 N.W.2d at 67.

In both *Bailey* and *Burke*, the supreme court concluded that § 970.03(10), STATS., would not preclude the prosecutor from alleging additional counts in the Information because the statute applied to multiple-count complaints. *Bailey*, 65 Wis. 2d at 340-41, 222 N.W.2d at 876; *Burke*, 153 Wis. 2d at 458-59, 451 N.W.2d at 745. In each case, the defendant was charged in a single-count complaint. The supreme court explained:

> By its own terms, this provision relates only to multiple count complaints, and does not affect a prosecutor's right to add additional, related counts to an information after a preliminary hearing.

*Bailey*, 65 Wis. 2d at 340, 222 N.W.2d at 876. *See also Burke*, 153 Wis. 2d at 458-59, 451 N.W.2d at 745. Thus, the court concluded that when a defendant is charged in a single-count complaint,

8

> [i]n our view, [§ ] 970.03(10), STATS., does not pro-
> hibit a prosecutor from including in the
> information, once a defendant has been bound over,
> charges in addition to those advanced at the prelim-
> inary hearing, "so long as they are *not wholly
> unrelated* to the transactions or facts considered or
> testified to at the preliminary."

*Bailey*, 65 Wis. 2d at 341, 222 N.W.2d at 876 (emphasis added) (quoting *State v. Fish*, 20 Wis. 2d 431, 438, 122 N.W.2d 381, 385 (1963)).

Indeed, our reading of § 970.03(10), STATS., is consistent with *Williams*, 186 Wis. 2d at 512, 520 N.W.2d at 923. In *Williams*, we explained that when a defendant is charged in a multiple-count complaint, all charges must be supported by probable cause or be dismissed. *Id.* at 511-12, 520 N.W.2d at 922. And, the State may not resurrect in the Information, the same charges that were or should have been dismissed. *Id.* at 512, 520 N.W.2d at 923.

In *Williams*, the defendant was charged with ten counts of various drug-related offenses, some of which included penalty enhancers for possessing and/or selling the drugs within 1,000 feet of a park. *Id.* at 508, 520 N.W.2d at 921. At the preliminary hearing, probable cause was established for the underlying felonies of delivery of or possession with intent to deliver, but no evidence was offered to support the penalty enhancer allegations. *Id.* Nevertheless, the trial court determined "that despite the lack of proof regarding the '1000 foot' provision, the State had established probable cause that [the defendant] had committed the underlying felonies . . . ." *Id.* Later, the State filed an Information charging the defendant with the *same* counts as originally charged in the complaint, including the penalty enhancer allegations. Williams moved

to dismiss the five counts dealing with the penalty enhancers. *Id.* at 508-09, 520 N.W.2d at 921.

After considering the legislative history of § 970.03(10), STATS., we concluded that probable cause must be shown for each count charged and therefore the counts dealing with the penalty enhancers should have been dismissed. *Id.* at 511-12, 520 N.W.2d at 922. We noted that a penalty enhancer, alone, is not a substantive criminal offense, but it is an element that the State must support with factual allegations. *Id.* at 510, 520 N.W.2d at 921. Consequently, since § 970.03(10) states that "[t]he facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971," the prosecutor could not resurrect the charges that should have been dismissed in an Information. *Id.* at 512, 520 N.W.2d at 923.

In *Williams*, we noted that while our interpretation was consistent with the language of § 970.03(10), STATS., it could produce "questionable results." *Id.* at 513, 520 N.W.2d at 923. First, we surmised that it might not be sound law to distinguish between single- and multiple-count complaints. Nevertheless, that is what the legislature has done. Second, we also noted that a prosecutor may avoid an onerous result by alleging each charge in a separate complaint. Thus, if a prosecutor wants to allege new charges in an Information, he or she may argue that they are not wholly unrelated to one of the charges bound over for trial in the single-count complaint. We are bound by the language adopted by the legislature in § 970.03(10), and if a response to this course of action by prosecutors is eventually required, it must come from the legislature and not from the courts.

10

That Williams was not recharged with the same count as previously dismissed does not change the result. Section 970.03(10), STATS., refers to the dismissal of particular counts for lack of probable cause. However, in recharging the defendant, the statute does not apply only where the defendant is recharged with the exact same charge previously dismissed. Rather, the language is broader and provides that "[t]he *facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971.*" Section 970.03(10) (emphasis added). Consequently, in deciding whether to recharge a defendant, we do not focus on the particular charge previously dismissed or its elements, but instead we focus on which facts were considered by the court at the preliminary hearing in determining that there was insufficient probable cause to proceed. Had the legislature intended that § 970.03(10) only apply when the prosecutor recharged the defendant with the same charge, it could have easily done so by stating that any charge ordered dismissed may not be recharged in an Information and must be recharged in a new complaint. That is not what the statute says. And, as we concluded above, *Bailey*, *Burke*, and *Williams* are consistent with this interpretation.

Second-degree recklessly endangering safety has two elements. "The first element requires that the defendant endangered the safety of another human being. The second element requires that the defendant endangered the safety of another by criminally reckless conduct." WIS J I—CRIMINAL 1347. First-degree reckless injury has three elements. "First, that the defendant caused great bodily harm to [the victim]. Second, that the defendant caused great bodily harm by criminally reckless conduct. Third, that the circum-

11

stances of the defendant's conduct showed utter disregard for human life." WIS J I—CRIMINAL 1250. In the case before us, only a few relevant facts were presented to the court. The victim testified that Williams came to his home in the middle of the night and threw a rock at him. As a result, the victim was seriously injured. These facts were the only facts considered by the court when it determined there was no probable cause to support the second-degree recklessly endangering safety charge. And, these were the same facts upon which the prosecutor relied in charging first-degree reckless injury in the Information. Therefore, because these facts may not form the basis of a new charge in the Information, that new charge must be dismissed.

Finally, the State argues that even if we conclude that the additional charge should have been included in a new complaint, reversing the judgment would be an improper remedy. First, according to the State, alleged errors that occur in a preliminary hearing are cured by a fair and errorless trial. *State v. Webb*, 160 Wis. 2d 622, 628, 467 N.W.2d 108, 110, *cert. denied*, 502 U.S. 889 (1991). Thus, relief may only be obtained before the case proceeds to trial. *Id.* Second, the State contends, Williams's express statutory remedy is a second preliminary hearing whose purpose is to establish probable cause and because the State proved the offense at trial, the issue is moot. We disagree.

The error here occurred not during the preliminary hearing, but when the trial court later permitted the prosecutor to charge an additional offense in the Information based upon facts that arose out of a count ordered dismissed in the preliminary hearing. This is not a *Webb* scenario. An error-free trial does not cure

12

the defect. That the defendant was ultimately found guilty of a lesser-included offense of the improperly charged offense does not mean that this issue is moot. We conclude that when a defendant is improperly charged in an Information, any judgment of conviction that directly follows from that improper charge will be reversed.

*By the Court.*—Judgment reversed.