STATE of Wisconsin, Plaintiff-Appellant,

v.

Deborah J. ZIMMERMAN, Defendant-Respondent.

Court of Appeals

*No. 00–3173–CR. Submitted on briefs August 24, 2001.—Decided September 26, 2001.*

2001 WI App 238

(Also reported in 635 N.W.2d 864.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Lara M. Herman*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Charles Bennett Vetzner*, assistant state public defender.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. BROWN, J.   The State appeals from a judgment granting Deborah J. Zimmerman's motion to dismiss for failure to state probable cause in a complaint charging her with felony escape. Because we conclude that Zimmerman was not in actual custody for purposes of the escape statute set forth in WIS. STAT. § 946.42 (1999–2000),[1] we affirm the judgment of the trial court.

¶ 2.   The facts of this case are undisputed. On September 26, 2000, agents of the Wisconsin Department of Corrections were transporting Zimmerman to jail after having taken her into custody for a violation of the terms of her release.[2] At one point, she informed the agents she felt ill. When they stopped the vehicle to let her out, she fled. Officers of the Racine County Sheriff's Department assisted the agents in the search for Zim-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] It is unclear from the record what type of release Zimmerman was on—parole or probation—at the time she was taken into custody. Throughout the transcript of the hearing on Zimmerman's motion to dismiss, "parole agent" and "probation agent" are used interchangeably when referring to the agents who picked her up to transport her to jail, making it somewhat confusing as to her status as a probationer or parolee. For purposes of this appeal, it is irrelevant whether she was a parolee or probationer at the time of the escape because such persons are treated the same under the escape statute and the applicable administrative code provisions.

372

merman after her escape. The officers eventually located her at her residence and took her into custody, charging her with escape.

¶ 3.   At a preliminary hearing, Zimmerman moved to dismiss, arguing that under Wis. Stat. § 946.42(1)(a), a probationer or parolee can be charged with escape only when he or she is in actual custody, defined as custody of an institution, peace officer, or an institution guard, but not including custody of a probation or parole agent. The State responded that Zimmerman was legally taken into custody pursuant to Wis. Admin. Code § DOC 328.22 and that she was therefore in actual custody of the agents at the time she fled. The trial court found that there are specific definitions of custody in the escape statute, and the statute does not specifically include being in the custody of a probation or parole agent as part of those definitions. The trial court then determined that Zimmerman was not in actual custody until she was taken into custody by law enforcement officers at her home. The court concluded that Zimmerman could not be charged with felony escape, and granted her motion to dismiss the complaint.

¶ 4.   The State's appeal requires us to construe Wis. Stat. § 946.42(1)(a). We review questions of statutory interpretation de novo. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997).

¶ 5.   To be guilty of escape, Zimmerman must be found to be in custody. Wis JI—Criminal 1773. The relevant language of the escape statute defines custody to include "without limitation actual custody of an institution . . . or of a peace officer or institution guard and constructive custody of prisoners . . . temporarily outside the institution. . . ." Wis. Stat. § 946.42(1)(a).

The statute also contains an exception: "It does not include the custody of a probationer [or] parolee . . . unless the person is in actual custody or is subject to a confinement order under s. 973.09(4)." Sec. 946.42(1)(a).

■

¶ 6. The threshold question when construing a statute is whether the statutory language is ambiguous. *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Statutory language is deemed ambiguous if reasonable persons could disagree about its meaning. *Id.* If the language is unambiguous, the court simply applies the ordinary and accepted meaning of the language to the facts presented. *State v. Kittilstad*, 231 Wis. 2d 245, 256, 603 N.W.2d 732 (1999). Nontechnical words utilized in the statute must be given their ordinary and accepted meaning when not specifically defined. *Williquette*, 129 Wis. 2d at 248. The legislative history of a statute may be used as further support for the conclusion that the statute is unambiguous. *State v. Timmerman*, 198 Wis. 2d 309, 321 n.3, 542 N.W.2d 221 (Ct. App. 1995).

¶ 7. The State argues that "actual custody" unambiguously includes probationers and parolees who are in the physical custody of probation and parole agents. The plain language of the first sentence of Wis. Stat. § 946.42(1)(a), which specifically defines "actual custody," belies this contention: " 'Custody' includes without limitation actual custody of an institution . . . or of a peace officer or institution guard. . . ." As our supreme court has previously observed, the legislature has chosen to restrict "custody" by definition, rather than import the usage of its general meaning. *State v. Schaller*, 70 Wis. 2d 107, 110, 233 N.W.2d 416 (1975). We must give effect to legally defined terms. *Id.*

¶ 8. Thus, this language unambiguously articulates categories of custodians whose control over parolees and probationers constitutes actual custody, namely: an institution, peace officer or guard. None of the categories includes probation or parole agents. This has been the implicit understanding of the escape statute in prior case law. *See State v. Cobb*, 135 Wis. 2d 181, 185, 400 N.W.2d 9 (Ct. App. 1986) (custody depends upon physical detention by an institution, institution guard or peace officer); *State v. Scott*, 191 Wis. 2d 146, 152–53, 528 N.W.2d 46 (Ct. App. 1995) (convicted defendant who fled courtroom was held to be in custody of sheriff and chargeable with crime of escape). The State presents us with no case which has held that a person escaped actual custody from a person or entity other than an institution, peace officer or institution guard.

¶ 9. The focal point of the State's argument is the exception in Wis. Stat. § 946.42(1)(a), stating in relevant part that custody does not include the custody of probationers or parolees by the department of corrections or probation or parole officers "unless the person is in actual custody." We do not agree that this language supports the State's position. The sentence simply states that parolees and probationers cannot be charged with escape unless the person leaves actual custody. The language neither clarifies nor expands the categories of custodians whose control over parolees and probationers constitutes actual custody.

¶ 10. Nevertheless, the State posits that the legislative history of this exception evinces the legislature's intent to include all categories of actual custody of probationers and parolees at the time Zimmerman was charged with escape. *See Timmerman*, 198 Wis. 2d at 321 n.3 (legislative history may be used

to show statute is unambiguous). Prior to 1987, the escape statute's definition of custody included the following language:

> ["Custody"] does not include the custody of a probationer or parolee by the department of health and social services or a probation or parole officer . . . unless the person is in actual custody after revocation of probation, parole . . . or to enforce discipline or to prevent the person from absconding.

WIS. STAT. § 946.42(5)(a) (1985–86). This language limited application of the escape statute to probationers or parolees who were in actual custody under three circumstances: actual custody after revocation, actual custody to enforce discipline, or actual custody to prevent him or her from absconding. This language was removed when the statute was amended by 1987 Wis. Act 238, § 7 so that the exception then provided:

> ["Custody"] does not include the custody of a probationer or parolee by the department of health and social services or a probation or parole officer . . . unless the person is in actual custody.

WIS. STAT. § 946.42(1)(a) (1987–88). The Legislative Reference Bureau's analysis of the bill creating this amendment provides that "[t]he bill also revises the current definition of 'custody' under the escape law to cover all probationers and parolees who are in actual custody, regardless of the reason they are being held in actual custody."

¶ 11. We do not agree with the State that the change in the law in 1987 manifests legislative intent to remove any limitation on the categories of custodians whose control over probationers and parolees may be deemed to be actual custody. It simply allows for escape to be charged against such a person in actual custody,

376

regardless of the reason he or she is in custody. We concur with Zimmerman that under the former version of the statute, it is doubtful whether a parolee or probationer who was being held in a county jail pending a revocation hearing could be charged with escape for fleeing the jail. The revised statute would eliminate any uncertainty in that regard, clearly allowing a prosecution to be brought. Significantly, and more to the point, neither the former version of the law nor the present one specifies that actual custody includes being in the physical control of a parole or probation agent.

¶ 12. We conclude, therefore, the definition of actual custody under the escape statute unambiguously excludes the custody of a probation or parole agent. The State contends that this interpretation of the escape statute leads to an unreasonable result: a probationer or parolee who is taken into custody pursuant to WIS. ADMIN. CODE § DOC 328.22 by probation or parole agents cannot be charged with escape, but a probationer or parolee who is taken into custody under the same code provision by law enforcement officers can face an escape charge for the exact same act. We do not find this discrepancy to be unreasonable. Peace officers are vested by law with a duty to maintain public order or to make arrests for crimes. WIS. STAT. § 939.22(22). Institution guards essentially have a similar role within the particular environment of prisons and other institutions. Parole and probation agents, on the other hand, establish rules of supervision and assist in providing services to their clients. *See generally* WIS. ADMIN. CODE § DOC 328.04(2). Unlike peace officers and prison guards, they are charged with "[r]eporting all violations of the criminal law by clients to a supervisor or appropriate law enforcement authority." *Id.* at § DOC 328.04(2)(w). It is not unreasonable that the conse-

quences of elopement from a peace officer would be more severe than in the case of elopement from a probation or parole agent.[3]

¶ 13.   Furthermore, the legislature has not seen fit to remedy this discrepancy in any of the recent amendments to the escape statute. In 1995, for example, the legislature added the following italicized language:

> ["Custody"] does not include the custody of a probationer or parolee by the department of corrections or a probation or parole officer . . . unless the person is in actual custody *or is subject to a confinement order under s. 973.09(4).*

1995 Wis. Act 154, § 1 (emphasis added.) An analysis of the bill creating the amendment by the Legislative Reference Bureau is quoted in *State v. Rosenburg*, 208 Wis. 2d 191, 199, 560 N.W.2d 266 (1997):

> Current law provides penalties for persons who escape from custody. The prohibitions apply to a person on probation only when the person is in actual custody, such as in custody in a jail. This bill makes a probationer subject to the escape law at all times when he or she is subject to an order of confinement as a condition of probation.

---

[3] We are also cognizant that the inherent structure of the probation system is to allow for flexibility in dealing with clients. Agents are directed to treat each client on an individualized basis, applying appropriate rewards and sanctions based on the client's conduct. *See* note to WIS. ADMIN. CODE § DOC 328.04. If a probationer or parolee fails to comply with the conditions of his or her supervision, the result may be modification of the rules of supervision, extension or revocation. *Id.* at § DOC 328.04(5). Our holding encourages the flexibility of the revocation process where the department may consider mitigating circumstances in an elopement and impose appropriate sanctions.

Clearly, the legislature here had an opportunity to expand the concept of actual custody but did not. It retained our current understanding of actual custody to be custody of an institution, peace officer or guard, and added the provision for cases of probationers under confinement. We determine that had the legislature wanted to include probation or parole agents in the definition of "actual custody," it would have done so.

¶ 14. We conclude that the escape statute unambiguously excludes from the definition of "actual custody" the physical custody of probation and parole officers. Therefore, because Zimmerman was in the hands of probation or parole agents at the time she fled, she is not chargeable with felony escape.

*By the Court.*—Judgment affirmed.