State of Wisconsin, Plaintiff-Respondent,
v.
James G. Langenbach, Defendant-Appellant.
No. 03-2189-CR.
Court of Appeals of Wisconsin.
Opinion Filed: September 22, 2004.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶1 PER CURIAM.
James G. Langenbach drove his car into two African-American boys who were riding their bicycles on the sidewalk. He was charged with six crimes and entered a no contest plea, preserving his defense that he was not guilty by reason of mental disease or defect (NGI). The jury rejected his NGI defense. Langenbach was sentenced to 176 years in prison.[1] He appeals the judgment of conviction and an order denying his motion for sentence modification. He argues that the sentencing court ignored his mental illness at the time of the offense and that the sentence is unduly harsh. We conclude that the sentence was a proper exercise of discretion and affirm the judgment and order.
¶2 Sentencing is a discretionary act and this court presumes that the sentencing court acted reasonably. State v. Scherreiks, 153 Wis. 2d 510, 517, 451 N.W.2d 759 (Ct. App. 1989). This court will honor the strong policy against interfering with the discretion of the sentencing court unless no reasonable basis exists for its determination. See id. Thus, we begin with the presumption that the sentencing court acted reasonably and the appellant must show some unreasonable or unjustifiable basis in the record for the sentence complained of. State v. Petrone, 161 Wis. 2d 530, 563, 468 N.W.2d 676 (1991).
¶3 Inherent in the sentencing court's exercise of discretion is a consideration of numerous factors. The primary ones to be considered are the gravity of the offense, the character of the offender, and the need to protect the public. Scherreiks, 153 Wis. 2d at 517. The court also may consider other factors, and the weight to be accorded each factor is within the sentencing court's discretion. Id. It may be a misuse of discretion if the sentencing court places too much weight on any one factor in the face of contravening considerations. State v. Spears, 147 Wis. 2d 429, 446, 433 N.W.2d 595 (Ct. App. 1988).
¶4 Langenbach argues that because the jury rejected his NGI defense, the sentencing court gave no consideration to the facts adduced at trial suggesting that he was suffering from a mental disorder at the time of the crimes.[2] Langenbach focuses on the court's opening comments:
Mr. Langenbach, the first thing I need to talk to you about is the acts that you committed. There are no words that are adequate to describe the repugnance and revulsion that a civilized person should feel over what you did in running down these two young boys because of the color of their skin. You are deserving of the contempt and scorn of a civilized society. It was a despicable act. It was a horrific act. It was a terrifying act, and it ought to terrify all of us that you were capable of doing that and it ought to terrify you that you were capable of doing that.
....
In terms of who you are, there's nothing in your background that could justify or explain or excuse these intentional acts. You were convicted of the crimes. You did have your opportunity to try to demonstrate that your conduct was excused, and the jury determined that your conduct should not be excused because of your mental state. So you're here competent without excuse in terms of your mental state.
While it is true that you have health problems and had sought psychiatric and psychological care and treatment in the past, the fact is that you intentionally superimposed your own self-destructive actions on that health status. You drank to excess. You used drugs to excess. You violated terms of probation to avoid ... drugs without a prescription and to avoid alcohol. So what you did you brought upon yourself intentionally and the Court believes that and will sentence you accordingly.
¶5 Our review is not confined to excerpts of the sentencing remarks but is based on the entire record and totality of the court's remarks. State v. Timmerman, 198 Wis. 2d 309, 318, 542 N.W.2d 221 (Ct. App. 1995) (our review is not confined to a singular statement made by the sentencing court). In its opening remarks the sentencing court reflected on the seriousness of the offenses. The court acknowledged that Langenbach suffers from a mental disorder while giving import to the jury's finding that he was not to be excused from his criminal conduct. The court went on to look at Langenbach's criminal record, which included convictions for second-degree recklessly endangering safety and substantial battery. It recognized that probation had not served as a proper deterrence in the past and rehabilitation had only brought Langenbach to a basic functioning level. It identified the need to protect the community and to punish as the most important factors behind the sentence. The sentence was based on the facts of record and appropriate considerations. The length accounted for the possibility of parole. While near the maximum,[3] the sentence was not disproportionate to the offense committed so as to shock public sentiment and violate the judgment of reasonable persons concerning what is right and proper under the circumstances. See State v. Setagord, 211 Wis. 2d 397, 418, 565 N.W.2d 506 (1997). In sum, the sentence was a proper exercise of discretion.
¶6 Langenbach's remaining arguments spring from comments made by the sentencing court at the postconviction motion hearing. Having concluded that the sentence was a proper exercise of discretion in the first place, we need not address the postconviction ruling. It is sufficient to observe that we review the court's conclusion that the sentence it imposed was not unduly harsh and unconscionable for an erroneous exercise of discretion. State v. Grindemann, 2002 WI App 106, ¶30, 255 Wis. 2d 632, 648 N.W.2d 507. The court noted the factors identified above as supporting the sentence and explained that having heard the trial evidence, it considered Langenbach's mental health. The court's seemingly harsh response to Langenbach's suggestion that there was a good chance that the correct result had not been reached at trial had no impact on its determination that the sentence was not unduly harsh.[4]
¶7 Langenbach complains that during the postconviction hearing the court misstated that Langenbach had conceded in his postconviction brief that he had intentionally made his mental health problems worse by excessive use of drugs and alcohol. The State agrees that Langenbach did not make the concession attributed to him and that his brief only stated the court's finding that Langenbach had exacerbated his condition by the use of drugs and alcohol. The State argues that Langenbach waived his right to raise the court's misstatement as an issue on appeal because he did not object during the hearing. While we agree that an objection should have been made, see State v. Samuel, 2001 WI App 25, ¶42, 240 Wis. 2d 756, 623 N.W.2d 565 (right to object exists even when court was in its "imposing sentence" phase and waiver applies because had the issue been timely raised, the court could have taken preventive action), rev'd on other grounds, 2002 WI 34, 252 Wis. 2d 26, 643 N.W.2d 423, cert. denied, 537 U.S. 1018 (2002), the misstatement is of no consequence since the sentence was an otherwise proper exercise of discretion. At sentencing the court evaluated the impact of Langenbach's drug and alcohol use on his mental health. It determined that Langenbach's conduct was not as uncontrollable as he argued. That finding is not clearly erroneous.
By the Court.  Judgment and order affirmed.
NOTES
[1] Langenbach was convicted of two counts of attempted first-degree murder while armed with a dangerous weapon and two counts of intentionally causing bodily harm to a child while armed with a dangerous weapon. These convictions included a race hatred penalty enhancer. Langenbach was also convicted of two counts of leaving the scene of an accident involving great bodily harm. He was convicted as a repeat offender on all counts.
[2] Trial evidence included testimony from family members about Langenbach's unusual behavior in the weeks before the crime, testimony from an emergency room doctor about two contacts with Langenbach during which Langenbach exhibited symptoms of mental illness, and testimony from an examining psychiatrist to whom Langenbach explained he had been hearing voices warning him of a race war and urging him to take action.
[3] Langenbach faced a maximum sentence of 196 years.
[4] In considering Langenbach's suggestion that the correct result was not reached at trial, the trial court responded: "There is absolutely no basis in the record that would suggest that. It's a statement without foundation. It isn't even speculation, because there is just no basis for that." Langenbach argues that the court's responsive comment is unfounded. We need not address that argument.