QUINN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 22.  Argued January 8, 1971.—Decided February 2, 1971.

(Also reported in 183 N. W. 2d 61.)

* See post, p. 101, involving same defendant convicted of another offense of armed robbery.

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

CONNOR T. HANSEN, J. On December 18, 1967, the defendant, while armed with two handguns, and an accomplice, allegedly entered a jewelry store in Milwaukee and robbed the proprietor of approximately $10,000 worth of jewelry and watches and $100 in cash.

The proprietor of the store and his wife testified in behalf of the state and both identified the defendant

as the perpetrator of the offense. The defendant was the sole defense witness. He denied participating in the robbery and testified that at the time of the robbery he was in a pool hall at which he was employed.

Two issues are raised on appeal:

1. Was there sufficient evidence to support a finding of guilt beyond a reasonable doubt?

2. Was the defendant denied due process by the failure of the state to establish, through questioning of a witness, the manner in which she arrived at a photographic identification of the defendant?

### Sufficiency of the evidence.

Under the facts of this case, the resolution of this issue is determined entirely by the trial court's assessment of the credibility of the witnesses.

In this case, there were three witnesses. The owner of the store and his wife had an opportunity to observe the defendant in the store for a period of ten minutes during the robbery. Both identified the defendant by photographs, prior to trial; and both identified him at the trial. We have reviewed the record and are of the opinion that a detailed review of the testimony in this opinion would serve no useful purpose.

The various factors raised by the defendant concerning the identification by the two witnesses has been considered. We find their testimony to be believable and in no way incredible. While the specific testimony of the witnesses, referred to by the defendant, may affect the weight to be accorded their testimony, it can not be said as a matter of law that their testimony was so insufficient that no trier of fact could be convinced of the defendant's guilt beyond a reasonable doubt. *Lock v. State* (1966), 31 Wis. 2d 110, 114, 115, 142 N. W. 2d 183.

"On review, it is not the function of the appellate court to decide which witnesses are to be believed. That is the exact function of the trier of fact, be such trier of fact the judge or a jury. Where credibility of witnesses is at issue, the trier of fact has an opportunity to observe the witnesses, their manner of testifying and their demeanor on the witness stand. These are the nuances that do not appear in a printed record." *State v. Christopher* (1969), 44 Wis. 2d 120, 127, 170 N. W. 2d 803.

The proprietor's eighty-three-year-old aunt was also present while the armed robbery in question was in progress. The defendant urges that the unexplained failure of the state to call her as a witness raises an inference against the state that if called, she would have testified unfavorably to the state's case. Reliance is placed upon the general rule in civil cases. *Feldstein v. Harrington* (1958), 4 Wis. 2d 380, 388, 90 N. W. 2d 566. Under the facts of this case, we do not concur with this assertion.

Defendant was positively identified at the trial by two eyewitnesses. The trial court found their testimony sufficient to establish the defendant's guilt beyond a reasonable doubt. This court has held that the state does not have the burden of producing every possible eyewitness. *Dillon v. State* (1909), 137 Wis. 655, 119 N. W. 352; *Farino v. State* (1931), 203 Wis. 374, 234 N. W. 366; *Brown v. State* (1965), 28 Wis. 2d 383, 388, 137 N. W. 2d 53. The absence of an available witness does not as a matter of law render the testimony of others insufficient to sustain a finding of guilt. *Brown v. State, supra; State v. Clarke* (1967), 36 Wis. 2d 263, 153 N. W. 2d 61.

*Due process.*

The wife of the proprietor made a courtroom identification of the defendant and on cross-examination she

testified concerning a prior photographic identification of the defendant, as follows:

"Q. . . . . How many times did you go down to the Safety Building to view pictures?
"A. I think just once.
"Q. And it is your testimony on that occasion you identified a picture of this defendant, and no one else?
"A. May I tell you how I came to the identification?
"Q. [The district attorney] can bring that out. I want to know if you identified any other picture?
"A. No, I didn't."

There was no further questioning of this witness by either the district attorney or counsel for the defendant relative to the manner in which she made the photographic identification.

The defendant would have us rule that because neither counsel, on either cross-examination or re-direct examination, pursued inquiry as to how the witness "came to the identification," an inference is raised that this was an improper photographic identification and the state, therefore, suppressed evidence favorable to the defendant, and that it also "tainted" the witness' in-court identification of the accused.

This court has adopted the following test to determine the validity of a photographic identification: "Was . . . the photographic . . . identification of the defendant by the witness to the crime impermissibly suggestive or conducive to irreparable mistaken identification?" *Dozie v. State* (1970), 49 Wis. 2d 209, 213, 181 N. W. 2d 369. This court has also held that the defendant is denied due process where the prosecution suppresses evidence favorable to the accused and material to either his guilt or punishment. *Britton v. State* (1969), 44 Wis. 2d 109, 170 N. W. 2d 785.

However, the defendant's contention that further questioning of the witness would have revealed an impermissibly suggestive photographic identification is

purely speculative. When she volunteered testimony as to how she made the photographic identification, she was being cross-examined by the defendant's attorney. Defendant now suggests that the district attorney was obligated to re-examine the witness and his failure to do so resulted in an improper suppression of evidence. Defendant's counsel could have established the circumstances surrounding the identification while questioning the witness. Defendant's counsel could also have challenged any possible improper identification by pretrial or trial motion. No evidence supporting the allegedly improper identification was offered in support of the defendant's postconviction motion. Under the circumstances, there is nothing in the record to support the defendant's contention that the photographic identification was impermissibly suggestive or that the state suppressed exculpatory evidence.

*By the Court.*—Judgment and order affirmed.