TAYLOR, Plaintiff in error, v. STATE, Defendant in error.

*No. State 184. Argued May 4, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 805.)

For the plaintiff in error there was a brief and oral argument by *Stanley F. Hack* of Milwaukee.

For the defendant in error the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.   The following issues are presented on appeal:

(1) Was the evidence presented at preliminary hearing sufficient to support a finding of probable cause and bindover for trial?

(2) Was the defendant denied his right to a speedy trial?

(3) Was the evidence presented at trial sufficient to support a judgment of conviction?

*Sufficiency of evidence at preliminary hearing.*

Defendant was arrested with three other men, Willie Tyrone Williams, Donald Wayne Johnson and Eddie Deon Williams, on September 17, 1970, for the armed robbery of a tavern located at 3201 West Center Street in the city of Milwaukee. Preliminary hearing was held September 28, 1970, in the county court of Milwaukee county.

Henry Kuszewski, the owner and operator of the tavern, identified Willie Williams and Johnson as the same two men who entered his tavern on September 17, 1970, at approximately 8 p. m. The men ordered two bottles of beer and as the witness placed the bottles on the bar, Williams took a luger-type revolver from a brown paper bag and started motioning toward the cash register. Johnson then came behind the bar and took

money out of the cash register as well as some other drawers. Williams then demanded the witness' wallet. Kuszewski testified he never saw the defendant or Eddie Williams.

Milwaukee policeman Leslie Pedersen identified all four men as passengers in a brown 1964 Mustang which he, along with two other officers, observed a short distance from the tavern at approximately 8:05 p. m. An attempt was made to apprehend the vehicle after the officers received a radio dispatch that a brown Mustang was wanted in connection with a holdup at 32nd and Center. The officers began pursuit, engaging the red light and siren on the police vehicle. The Mustang was traveling at a high rate of speed, went through a stop sign, and finally came to a stop in an alley. The occupants then attempted to flee; however, the officers stopped them at gunpoint. Officer Pedersen observed Johnson getting out of the passenger door with a small automatic pistol in his hand which he dropped in the alley. Williams dropped a luger-type revolver on the rear seat floor of the vehicle. The officer also observed a brown paper bag that contained money. Eddie Deon Williams was the driver of the vehicle, and the defendant was seated in the right front passenger seat. Johnson and Willie Williams were in the rear seat. When apprehended, defendant had no weapon or money in his possession although Officer Pedersen testified he did try to escape.

Upon the foregoing testimony, the court found probable cause and all four persons were bound over for trial.

Defendant argues that there was no competent evidence to show a reasonable probability that he committed the crime.

A preliminary hearing is a determination by a magistrate that further criminal proceedings are justified; it is not an evidentiary trial. Before a defendant may

be bound over for trial, it must appear, to a reasonable probability, that a crime has been committed and that the defendant has probably committed it. *Court v. State* (1971), 51 Wis. 2d 683, 188 N. W. 2d 475; sec. 970.03, Stats. It is not necessary to establish guilt beyond a reasonable doubt. *State ex rel. Wojtycski v. Hanley* (1945), 248 Wis. 108, 20 N. W. 2d 719. The purpose of the preliminary hearing is to:

". . . protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty."

*Johns v. State* (1961), 14 Wis. 2d 119, 122, 109 N. W. 2d 490; *Whitty v. State* (1967), 34 Wis. 2d 278, 149 N. W. 2d 557. While a preliminary hearing may require more by the way of evidence than other preliminary determinations of probable cause, *see: State v. Beal* (1968), 40 Wis. 2d 607, 613, 162 N. W. 2d 640; *Hancock v. Hallmann* (1938), 229 Wis. 127, 281 N. W. 703, these pretrial proceedings are similar in that they are all concerned with the practical and nontechnical probabilities of everyday life in determining the existence of probable cause. *See Molina v. State* (1972), 53 Wis. 2d 662, 684, *fn.* 36, 193 N. W. 2d 874.

In the instant case, competent eyewitness' testimony established that the defendant was in an automobile fleeing from the scene of a crime in the company of two persons identified as the holdup men. When apprehended, he attempted to flee. He was charged with being a party to the crime. Under such circumstances the evidence was sufficient to establish a reasonable probability that defendant was involved in the crime.

*Speedy trial.*

The record reveals that an information was filed October 5, 1970, charging all four individuals with

armed robbery, parties to a crime. The judgment roll reflects that October 8, 1970, Willie Tyrone Williams and Donald Wayne Johnson were convicted on their pleas of guilty. October 15, 1970, the trial court denied defendant's motion to dismiss. Defendant then waived the reading of the information, entered a plea of not guilty and demanded a trial by jury. The charges against Eddie Deon Williams and the defendant were consolidated for trial and the case was continued to February 1, 1971, and apparently transferred to another branch of court. February 1, 1971, the case was adjourned to April 5, 1971, on motion by the state because two of its witnesses were involved in an automobile accident on January 10, 1971. It was alleged that the witnesses had been seriously injured and were unavailable for trial. A telephone call was made to the hospital to verify this fact. Defendant opposed the motion to adjourn, asserted his right to a speedy trial, and moved to dismiss. This motion was denied. Defendant was then released on his own recognizance.

The constitutional right to a speedy trial requires that an accused be tried as soon as the orderly operation of the court permits. Mere lapse of time does not establish a denial of the right. *Commodore v. State* (1967), 33 Wis. 2d 373, 377, 147 N. W. 2d 283, and cases cited therein. In *State v. Kwitek* (1972), 53 Wis. 2d 563, 572, 193 N. W. 2d 682, this court quoted with approval from *United States v. Ewell* (1966), 383 U. S. 116, 120, 86 Sup. Ct. 773, 15 L. Ed. 2d 627, in rejecting a proposed numerical standard to be applied in determining whether the right to a speedy trial has been denied:

" ' . . . "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers*

*v. Haubert*, 198 U. S. 77, 87. "Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . . The delay must not be purposeful or oppressive." *Pollard v. United States*, 352 U. S. 354, 361. "[T]he essential ingredient is orderly expedition and not mere speed." *Smith v. United States*, 360 U. S. 1, 10.' "

In *Kopacka v. State* (1964), 22 Wis. 2d 457, 126 N. W. 2d 78, defendant was arrested on September 13, 1961. Trial was originally scheduled for the November, 1961 term, but due to the illness of the judge did not proceed until April 17, 1962. In rejecting the defendant's contention that he had been denied the right to a speedy trial, this court stated at page 460:

". . . Each case involving the issue of denial of a speedy trial turns on its own facts, although the general rule is stated to be that the right to a speedy trial is a right to be tried as soon as is reasonably possible. A motion to dismiss for lack of speedy trial will be denied where the accused is tried as soon as the orderly conduct of the business of the court permits. . . ."

In the instant case, the defendant made a demand for a speedy trial on October 15, 1970. No objection was made to the February 1st trial date. The case was adjourned to April 5, 1971, because one of the state's principal witnesses was hospitalized and unavailable for trial. This fact was verified and was not contested by the defendant. Because the adjournment was for more than sixty days, the court released the defendant on his own recognizance pursuant to sec. 971.10 (4), Stats. Some delays in the criminal process are inevitable and where, as here, a valid reason exists for the delay, it cannot be said the defendant has been denied the right to a speedy trial. *See Dickey v. Florida* (1970), 398 U. S. 30, 37, 38, 90 Sup. Ct. 1564, 26 L. Ed. 2d 26.

*Sufficiency of evidence at trial.*

On appeal, when the issue of sufficiency of evidence at the trial is raised, we deem it unnecessary to set forth the facts in detail when our independent examination of the record leads us to conclude that the judgment of the trial court should be affirmed. Suffice it to say that in the instant case, there was a conflict in the testimony of the witnesses called by the state and those of the defendant. Also, there were inconsistencies in the testimony presented by various witnesses called in behalf of the defendant.

The test for determining the sufficiency of evidence on appeal has recently been restated by this court in *Bautista v. State* (1971), 53 Wis. 2d 218, 223, 191 N. W. 2d 725:

"Several rules applied in appellate review of the sufficiency of the evidence in criminal cases have been stated so frequently in our late cases that they need no citation of authority to support them. The burden of proof is upon the state to prove every essential element of the crime charged beyond reasonable doubt. The test is not whether this court or any of the members thereof are convinced beyond reasonable doubt, but whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true. A criminal conviction can stand based in whole or in part upon circumstantial evidence. The credibility of the witnesses and the weight of the evidence is for the trier of fact. In reviewing the evidence to challenge a finding of fact, we view the evidence in the light most favorable to the finding. Reasonable inferences drawn from the evidence can support a finding of fact and, if more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted. Our review of the record in response to a challenge to the sufficiency of the evidence is so limited by these rules."

Defendant contends that the evidence was insufficient to prove that he was involved in the commission of the crime because there was no showing that he had knowledge of the crime, or that he performed any act in furtherance thereof, or that he was available to aid the commission of the crime if called upon to do so.

Under the provisions of sec. 939.05, Stats., a person may be charged and convicted of a crime if he ". . . (a) Directly commits the crime; or (b) Intentionally aids and abets the commission of it; or (c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. . . ." In the instant case the jury was given the standard instruction on aiding and abetting as found in Wis J I—*Criminal*, Part I, 400. That instruction defines an aider and abettor as one who, with knowledge or belief that another intends to or is committing a crime knowingly either "(a) renders aid to the person who commits the crime, or (b) is ready and willing to render aid, if needed, and the person who commits the crime knows of his willingness to aid him." In *State v. Nutley* (1964), 24 Wis. 2d 527, 554, 555, 129 N. W. 2d 155, this court stated:

". . . Under the complicity theory of sec. 939.05 (2) (b), a person is liable for the substantive crime committed by another if (1) he undertakes conduct (either verbal or overt action) which as a matter of objective fact aids another person in the execution of a crime, and further if (2) he consciously desires, or 'intends' that his conduct will yield such assistance. He must consciously direct his conduct toward the realization of the criminal objective. He must have a 'stake in the outcome.'

"However, it is not necessary that the aider and abettor enter into an agreement with the perpetrator to assist him in consummation of the crime. Nor is it necessary that the perpetrator be aware of the accomplice's

efforts, in order to hold the accomplice liable for the substantive crime. . . ."

See also: Bautista v. State, supra, page 224; Bethards v. State (1970), 45 Wis. 2d 606, 619, 173 N. W. 2d 634.

While aiding and abetting may include the performance of some act which constitutes an essential element of the offense, this is not a requirement in all cases. See Hawpetoss v. State (1971), 52 Wis. 2d 71, 187 N. W. 2d 823. In Carter v. State (1965), 27 Wis. 2d 451, 134 N. W. 2d 444, 136 N. W. 2d 561, a conviction of armed robbery was sustained where the defendant was the driver of the getaway car and shared in the proceeds. The court stated on page 455:

". . . Like a drama on the stage, each party was engaged in the general scheme of the crime by performing his allotted part in the plot; but unlike a drama, all the actors, those who played the principal roles and those in the supporting roles, were guilty under the law as principals. . . ."

The court then referred to other cases which upheld convictions where the defendant acted as a lookout. Fifer v. State (1926), 189 Wis. 50, 206 N. W. 861; State v. Kuick (1948), 252 Wis. 595, 32 N. W. 2d 344. In these cases, credible testimony placed the defendants at the scene of the crime under circumstances from which it could be inferred that they had knowledge of the plan and the function they were to serve.

In the instant case there is no dispute that Williams and Johnson directly committed the crime in which the defendant is alleged to have been involved. Defendant knew these two men and was a passenger in the automobile which dropped them off at the tavern and picked them up after the robbery. This, together with the short period of time involved appears to be inconsistent with the defendant's testimony that he was unaware of the

robbery. The automobile was observed behind the tavern in the alley with two men inside and the holdup men were observed to run from the tavern into the alley, get into the car and drive off. During the chase, the defendant had his head down because gunshots were being fired by the police; however, testimony was received that no shots were fired during the chase.

Under the facts and circumstances of this case, there is sufficient evidence for the jury to form a reasonable conclusion beyond a reasonable doubt that the defendant knew and was aware of the crime, acted as a lookout, aided in the getaway, and was ready and willing to render aid if needed.

". . . The type of reasonable certitude required in criminal cases is moral certainty relating to the affairs of human conduct and grows out of informed experience with the common ways (mores) of man. It is based upon the certain constancy and uniformity in the free conduct of humans under given conditions or motives. Based upon long experience with the actions and motives of human nature, certain inferences of conduct may be drawn from various circumstances to a moral certainty. This is not to say that exceptions and possibilities may not exist but such possibilities in themselves do not prevent a person from forming a reasonable conviction beyond a reasonable doubt or to a moral certainty of the truth of a fact. This degree of certainty required to sustain a criminal conviction may be attained upon circumstantial evidence as well as upon direct evidence." *State v. Johnson* (1960), 11 Wis. 2d 130, 136, 104 N. W. 2d 379.

Although the defendant and Eddie gave explanation for their conduct during and after the robbery, such testimony, because of inconsistencies and conflicts with other testimony, could reasonably have been considered by the jury as unworthy of belief. Williams' testimony contained many inconsistencies and was likewise subject to disbelief.

It is also argued that the circumstantial evidence is reasonably consistent with the defendant's innocence as well as guilt. Therefore, argues defendant, the jury was required to return a finding of not guilty. However, defendant has confused the standard to which a jury is bound by way of instructions from the trial court with the standard applicable in this court on appellate review. The jury is instructed that if alternative inferences arise, reasonably consistent with either the innocence or guilt of the defendant, they should return a finding of not guilty. *See* Wis J I—*Criminal,* Part I, 140 and 170. This court's review of a jury determination is limited to determining whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Bautista v. State, supra,* page 223. An analogous argument to the one made by the defendant was rejected in *State v. Zdiarstek* (1972), 53 Wis. 2d 776, 784, 785, 193 N. W. 2d 833:

"We are of the opinion that defense counsel has misinterpreted the test. In *State v. Chacon* (1971), 50 Wis. 2d 73, 76, 183 N. W. 2d 84, this court stated:

" '. . . It is quite true that if the testimony of the defendants were believed, a reasonable hypothesis consistent with their innocence would be established; but that is not the test. All the credible evidence must be reconciled or some testimony must be rejected as incredible. Here, the trial court rejected the defendants' evidence, which it had a right to do.'

If defendant's suggested rule of law were correct, it would require the jury to believe all the testimony adduced at trial. Such a result would eliminate the main function of the jury—to resolve conflicts in the testimony and to determine which evidence is credible or worthy of belief. Credibility of witnesses lies within the exclusive province of the trier of fact. *Quinn v. State* (1971), 50 Wis. 2d 96, 99, 183 N. W. 2d 61. It is only where the evidence on which the trier of fact has relied can

be held incredible as a matter of law that this court will overturn a jury determination. *See Austin v. State* (1971), 52 Wis. 2d 716, 190 N. W. 2d 887. . . ."

Similarly, a trier of fact may reject inferences arising from circumstantial evidence as incredible or unworthy of belief.

*By the Court.*—Judgment affirmed.