LEE (Mayweather), Plaintiff in error, v. STATE, Defendant in error.

*No. State 137. Submitted under sec. (Rule) 251.54 September 11, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 774.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

PER CURIAM. With respect to the sufficiency of the evidence to support the plaintiff in error's conviction for armed robbery, party to a crime, the court concludes, as it did in the companion case, *Clifford Lee v. State of Wisconsin, State No. 156,* that the evidence presented was sufficient that the trial court, as the trier of fact, could be convinced of this defendant's guilt, beyond a reasonable doubt.

The plaintiff in error's argument that the state's failure to produce an alleged eyewitness to the armed robbery to testify at the trial raised a presumption that the witness' testimony would have been adverse to the state, has been rejected by this court in *Quinn v. State* (1971), 50 Wis. 2d 96, 183 N. W. 2d 61. There it was noted the state does not have the burden of producing every possible eyewitness to a crime. *Id.* at page 99.

With respect to the issue raised by this plaintiff in error (defendant) objecting to the trial court's characterization of the defense testimony as "organized perjury," this court concludes the defendant was not denied a fair trial. A review of the record reveals this remark was made by the trial court after the finding of guilt had been made. There is nothing to indicate the trial court permitted its disbelief of the defense witness' testimony to interfere with its judgment on the issue of the defendant's guilt on the instant offense. *See Lange v. State* (1972), 54 Wis. 2d 569, 196 N. W. 2d 680.

The court concludes this is not an appropriate case in which to exercise its discretionary authority to grant a new trial in the interest of justice.

The judgment and order are affirmed.