STATE of Wisconsin, Plaintiff-Respondent,

v.

Terry AKINS, Defendant-Appellant.

Supreme Court

*No. 94–1872–CR. Submitted on briefs October 6, 1995.—Decided February 1, 1996.*

(Also reported in 544 N.W.2d 392.)

497

For the defendant-appellant there was a brief (in the Court of Appeals & Supreme Court) by *Glenn L. Cushing*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Daniel J. O'Brien*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

JON P. WILCOX, J. This case is here on certification from the Wisconsin Court of Appeals. Two issues have been certified for our review. The first is whether Wis. Stat. § 970.03 (1993-94)[1] denies a defendant equal protection of the laws by employing different procedural standards for criminal defendants charged under

---

[1] All future references to Wis. Stats. will be to the 1993-94 statutes.

single or multiple count complaints. The defendant asserts that the statute incorporates unequal treatment in that sub. (7) allows for a bind over on probable cause to believe the defendant committed "a felony" in a single count complaint whereas sub. (10) requires a finding of probable cause as to the particular felony in each count of a multiple count complaint. We hold that single and multiple count complaints, as prescribed under §§ 970.03(7) and (10), employ the same preliminary hearing rules and procedural treatment and therefore do not deny a defendant equal protection of the laws. Under both subsections, the State need only establish probable cause to believe the defendant committed a felony with respect to each transactionally distinct count in a complaint.

The second issue we consider is whether the prosecutor after a bind over may reallege in the information the same crime charged in the complaint, where the court commissioner has made a specific finding that the State failed to establish probable cause with respect to that charge, but did establish probable cause to believe the defendant committed another felony. We hold that prosecutors, in properly exercising their broad charging discretion under Wis. Stat. § 971.01(1), may file any charge in the information as long as it is transactionally related to a count on which bind over was ordered.

## FACTS AND PROCEDURE

On January 20, 1994, the plaintiff-respondent State of Wisconsin (State) filed a criminal complaint charging the defendant-appellant Terry Akins (Akins) with one count of armed burglary, as party to the crime, contrary to Wis. Stat. §§ 943.10(1) and (2)(b) and Wis. Stat. § 939.05. A preliminary hearing in this case

was conducted on February 23, 1994, before Court Commissioner Lawrence I. Grazeley. *See* Wis. Stat. § 970.03(1).[2] At the conclusion of the hearing, the court commissioner agreed with Akins' argument that probable cause to believe that he had entered the premises without permission had not been established. However, the commissioner did find probable cause to believe that another felony, theft of a firearm, had been committed, notwithstanding the alleged permissive entry. Akins was bound over for trial on that basis. *See* § 970.03(7).[3] The hearing concluded with the following exchange between defense counsel and the commissioner, which in part gives rise to this appeal:

> Ms. Wolfe: But I would request that the Court indicate on the record that there was not sufficient probable cause for the specific charge of armed burglary.
> The Court: I thought I did.
> Ms. Wolfe: Okay. I just wanted it clear.
> The Court: But that's my finding. But, again, I don't think that the findings of the commissioner are significant. The only finding that really counts is whether I find probable cause that a felony has been committed. And that's the finding. My view is that the evidence was not sufficient to establish probable cause for the crime alleged, but I don't know what significance that has. In any event the defendant is bound over for trial.

---

[2] Section 970.03(1) provides:

A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant.

[3] Section 970.03(7) provides:

If the court finds probable cause to believe that a felony has been committed by the defendant, it shall bind the defendant over for trial.

On March 8, 1994, the State filed an information charging Akins with armed burglary. Shortly thereafter, Akins filed a motion to dismiss the information, claiming that realleging the armed burglary charge, for which there was no probable cause established at the preliminary hearing, was an abuse of prosecutorial discretion. Two non-evidentiary hearings were held on the matter, the Honorable William M. Atkinson, presiding. The circuit court filed a written decision denying the motion to dismiss, dated July 11, 1994.

The court concluded that the prosecutor had properly exercised his broad charging discretion in filing a charge in the information which was within the confines of, and not wholly unrelated to, the evidence adduced at the preliminary hearing,[4] despite the commissioner's determination that no probable cause existed to file the same charge during the hearing. The court relied upon our decision in *State v. Hooper*, 101 Wis. 2d 517, 305 N.W.2d 110 (1981) to note that once the bind over decision is made, the only issue remaining is whether the prosecutor has abused his discretion in issuing such a charge. The circuit court referred to language in *Hooper* which established the controlling standard of review when a defendant challenges the precise charge, not the bind over decision, in a single count complaint:

> However, where the challenge is not to the bindover decision, but to the specific charge recited in the information (as in this case), we hold that the trial judge's review is only as to the question of whether the district attorney abused his discretion in issuing a charge not within the confines of and "wholly

---

[4] *See State v. Richer*, 174 Wis. 2d 231, 496 N.W.2d 66 (1993); *State v. Burke*, 153 Wis. 2d 445, 451 N.W.2d 739 (1990).

unrelated" to the testimony received at the preliminary examination.

*Id.* at 537. (Emphasis in original.) Judge Atkinson concluded that the evidence presented at Akins' preliminary hearing supported the State's charging decision, thereby satisfying the required standard.

Akins filed a petition for leave to appeal from the non-final order, which was granted by the court of appeals. The sole issue raised by Akins before the appellate court was whether Wis. Stat. § 970.03 denied him equal protection of the laws.[5] Pursuant to Wis. Stat. (Rule) 809.61, the court of appeals certified the case to this court for our review.

## I. Equal Protection.

Akins challenges the constitutionality of Wis. Stat. § 970.03 on the grounds that accused felons facing multiple count complaints under sub. (10) are afforded greater protection than those facing only a single count criminal complaint under sub. (7). He contends that this procedural difference lacks a rational basis, and therefore violates the equal protection clauses of the United States and Wisconsin Constitutions.

The constitutionality of a statute presents a question of law which this court considers utilizing a de novo standard of review. *State v. McManus,* 152 Wis. 2d 113, 129, 447 N.W.2d 654 (1989). "Legislative enact-

---

[5] Akins conceded that there was nothing unconstitutional about his bind over on probable cause for theft of a firearm. He notes that after reviewing the standard as provided in *Hooper*, the trial court did not err in denying the defendant's motion to dismiss. The substance of his appeal rests upon the equal protection challenge.

ments are presumed constitutional, and this court has stated that it 'will sustain a statute against attack if there is any reasonable basis for the exercise of legislative power.' " *Id.* (citing *State v. Muehlenberg*, 118 Wis. 2d 502, 506-07, 347 N.W.2d 914 (Ct. App. 1984)). The party bringing the challenge must show the statute to be unconstitutional beyond a reasonable doubt. *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 187, 290 N.W.2d 276 (1980).

This court has held that the due process and equal protection clauses of the Wisconsin constitution are the substantial equivalents of their respective clauses in the federal constitution. *Reginald D. v. State*, 193 Wis. 2d 299, 307, 533 N.W.2d 181 (1995) (citing *McManus*, 152 Wis. 2d at 130; *Funk v. Wollin Silo & Equip., Inc.*, 148 Wis. 2d 59, 61 n.2, 435 N.W.2d 244 (1989)). Equal protection does not deny a state the power to treat persons within its jurisdiction differently; rather, the state retains broad discretion to create classifications so long as the classifications have a reasonable basis. *Graham v. Richardson*, 403 U.S. 365, 371 (1971). In *State ex rel. Watts v. Combined Comm. Services*, 122 Wis. 2d 65, 362 N.W.2d 104 (1985), this court stated that "[t]he fundamental determination to be made when considering a challenge based upon equal protection is whether there is an arbitrary discrimination in the statute or its application, and thus whether there is a rational basis which justifies a difference in rights afforded." *Id.* at 77; *see also Harris v. Kelley*, 70 Wis. 2d 242, 251, 234 N.W.2d 628 (1975); *State ex rel. Murphy v. Voss*, 34 Wis. 2d 501, 510, 149 N.W.2d 595 (1967).

Akins argues that the existence of divergent preliminary hearing rules and procedures for single and multiple count complaints violates the guarantees of

the Equal Protection Clause. He relies on the recent court of appeals decision in *State v. [Scott] Williams,* 186 Wis. 2d 506, 520 N.W.2d 920 (Ct. App. 1994), *rev'd, State v. [Scott] Williams,* 198 Wis. 2d 479, 544 N.W.2d 400 (1996), to support this position. In *[Scott] Williams,* the court of appeals construed Wis. Stat. § 970.03(10)[6] and held that when a case is commenced by the filing of a multiple count criminal complaint, a defendant is entitled to dismissal of any count for which the State does not establish probable cause as to the "specific felony" alleged in the complaint. *[Scott] Williams,* 186 Wis. 2d at 510. Akins claims that this interpretation is contradictory to this court's holding in *State v. Hooper,* in which Wis. Stat. § 970.03(7) was construed to provide that when a case is commenced by the filing of a criminal complaint alleging only a single count, a bind over may occur upon proof of probable cause to believe "any felony" has been committed, and the original charge may then be realleged in the subsequent information, subject only to review for an abuse of discretion by the district attorney. *Hooper,* 101 Wis. 2d at 537-39.

Akins therefore argues that the divergent procedural treatment lacks a rational basis to justify a difference in the rights afforded to defendants charged in single as opposed to multiple count complaints. He offers the following example to illustrate this point: If he had been charged with both armed burglary and theft of a firearm in the original complaint, then the armed burglary charge would have had to be dismissed

---

[6] Section 970.03(10) provides:

In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

for lack of probable cause and could not have been included in the information. However, because he was charged only with the single count of armed burglary, the State asserts that he can be recharged with that count in the information, despite the commissioner's finding of no probable cause. He concludes that this is exactly the type of arbitrary and capricious distinction that the equal protection clause was designed to prevent.

In response, the State maintains that Akins has failed to overcome the strong presumption of constitutionality with proof beyond a reasonable doubt that Wis. Stat. § 970.03 violates the equal protection clause. The State maintains that both sub. (7) and sub. (10) achieve the same ultimate purpose, to ensure that a defendant not be bound over for trial unless and until the State establishes probable cause to believe he committed a felony. The State recognizes that the prosecutor may not obtain a bind over on only one charge and then seek to include other unrelated charges in the information, *see Richer*, 174 Wis. 2d at 244-47, but asserts that sub. (10) simply requires a showing of probable cause to believe the defendant committed "a felony" as to each one of those factually unrelated counts in a multi-count complaint, before the State can obtain a bind over on each one.

A statute violates equal protection only where it is shown beyond a reasonable doubt that the legislature has made an irrational or arbitrary classification. *See State v. Heft*, 185 Wis. 2d 288, 298, 517 N.W.2d 494 (1994). Akins' claim in this case that the legislature has abused its discretion in creating procedural differences in the application of Wis. Stat. § 970.03(7) and (10) is unfounded, in light of two recent decisions of this court.

*See State v. [John] Williams*, 198 Wis. 2d 516, 544 N.W.2d 406 (1996) and *[Scott] Williams*, 198 Wis. 2d 479, 544 N.W.2d 400 (1996).

In *[John] Williams*, the issue presented to this court was whether, when bind over is denied at preliminary hearing on one of two related felony counts in a multiple count complaint, the district attorney may include in the subsequent information the same charge that was dismissed or its greater-included offense. Our analysis involved an interpretation of Wis. Stat. § 970.03(10) which we found to be ambiguous, and required the first sentence of the subsection to be read as follows: " 'In multiple count complaints, the court shall order dismissed any count for which it finds there is not probable cause **to believe a felony has been committed by the defendant**.' Further, this inserted language is to be interpreted in multiple count complaints exactly as it has been in single count complaints." *[John] Williams*, 198 Wis. 2d at 534. (Emphasis in original.)

In providing a three-step analysis to be employed at the preliminary examination, we explained the import of this insertion in the second procedural step: "(2) In a review of transactionally related counts, after presentation of all of the evidence at the preliminary hearing, if the examining judge finds there is probable cause to believe that a felony was committed, there is necessarily probable cause as to all counts that are transactionally related and the defendant shall be bound over on all those counts." *Id.* at 535. Logically, it follows that where a transactionally distinct count is found lacking in probable cause and therefore dismissed, it may not be recharged nor may any counts arising from that same incident be included in a subsequent information. *Id.* at 531-32. "This rule is

completely consistent with existing practice and precedent involving single count complaints." *Id.* at 532.

Recognizing the long line of cases providing that a district attorney may include any not wholly unrelated charge in an information, *see Bailey v. State*, 65 Wis. 2d 331, 341, 222 N.W.2d 871 (1974), *State v. Burke*, 153 Wis. 2d 445, 457, 451 N.W.2d 739 (1990), and *Richer*, 174 Wis. 2d at 253, this court clarified the court of appeals mistaken interpretation that single and multiple count complaints were to be construed in a dissimilar manner. *See State v. [John] Williams*, 190 Wis. 2d 1, 10, 527 N.W.2d 338 (Ct. App. 1994). Holding to the contrary, we noted that: "[i]t is not sound law to make such a distinction thereby creating an anomalous procedure and, in this opinion, we hope to make it clear that single and multiple count complaints are to receive the same procedural treatment." *[John] Williams*, 198 Wis. 2d. at 533.

In the companion case to *[John] Williams*, we were again presented with a question of statutory interpretation involving the required showing of probable cause for a bind over under a multiple count criminal complaint. *See [Scott] Williams*, 198 Wis. at 483. The court of appeals had construed Wis. Stat. § 970.03(10) to require a showing of probable cause as to the specific felony alleged in each count of the complaint in order to obtain a bind over on that count. *[Scott] Williams*, 186 Wis. 2d at 508. We reversed, holding that a proper interpretation of sub. (10) must coincide with the objective goals of the preliminary hearing as previously construed in our decisions in both *Richer* and *Burke*. We found that the circuit court's conclusion that a judge must only find probable cause that "a felony" was committed rather than the "specific felony" alleged, both preserved and furthered the "transactionally

related" test promulgated under *Richer*. *[Scott] Williams*, 198 Wis. 2d at 490.

We further clarified that the language employed under Wis. Stat. § 970.03 should be read congruously with identical wording located in other subsections within the statute, when we stated:

> If these subsections are interpreted so as to be consistent with each other, it becomes apparent that multiple-count complaints should be treated the same as single count complaints: the state must establish probable cause that a felony occurred as to one count in a set of transactionally related counts for there to be a valid bind over on that set.

*[Scott] Williams*, 198 Wis. 2d at 491.

This court's recent conclusions in the *Williams'* cases, that single and multiple count criminal complaints are to receive the same procedural treatment and utilize identical preliminary examination rules, undermines the equal protection challenge advanced by Akins in the present case. Criminal defendants, whether charged under a single or multiple count complaint, are afforded similar protection at this initial stage in a criminal proceeding. "[T]he purpose of the preliminary is served once it has been established that there is probable cause to believe the defendant has committed a felony." *[John] Williams*, 198 Wis. 2d at 536. Contrary to Akins' contention, there is no disparate treatment being leveled against defendants under Wis. Stat. § 970.03, regardless of the type of complaint utilized by the prosecutor to initiate criminal proceedings.

We therefore conclude that the current statute lacks the arbitrary and capricious classification that is

required to sustain a challenge under the equal protection clauses of the federal and state constitutions.

## II. Prosecutor's Charging Discretion.

██

Next, we consider the question of whether the prosecutor may reallege in the information the same crime charged in the complaint, where the court commissioner has found no probable cause existed, but concluded that probable cause was established that the defendant had committed another felony.[7] Resolution of this question requires us to interpret the relationship between Wis. Stat. §§ 970.03(7) and 971.01(1). Statutory interpretation presents a question of law which this court decides de novo without deference to the decisions of the lower courts. *Rolo v. Goers*, 174 Wis. 2d 709, 715, 497 N.W.2d 724 (1993). "The cardinal rule in all statutory interpretation, as this court has often said, is to discern the intent of the legislature." *Id.* (citing *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990)).

The present case involves a bind over on probable cause to believe that Akins committed a felony followed by the filing of an information which contains a count which is different from the felony for which he was bound over. The count in the information is the same count set forth in the criminal complaint which the

---

[7] This issue was not raised by Akins in the lower courts. Akins has conceded in his brief to this court that the prosecutor properly exercised his broad charging discretion in filing the information which included the same count as was charged in the complaint, even though the bind over was for another felony.

court commissioner determined lacked probable cause at the preliminary examination.

In *Wittke v. State ex rel. Smith*, 80 Wis. 2d 332, 259 N.W.2d 515 (1977), this court interpreted the language of Wis. Stat. § 970.03(7), and concluded that the preliminary hearing judge may bind a defendant over for trial on probable cause to believe he committed a felony even if that felony is not the same felony as charged in the criminal complaint. *Id.* at 351-52. The count alleged in the criminal complaint was dismissed when the State had failed to demonstrate probable cause for the commission of a felony. *Id.* at 337. Subsequently, the defendant was ordered to be discharged, and the State attempted to reissue a second complaint alleging the same count, without producing any new evidence. *Id.* Recognizing the public interest in the finality of judicial decisions, this court held that where the existence of probable cause had been fully litigated, the State may only bring a second complaint charging the same offense after dismissal if it has or discovers additional evidence. *Id.* at 342; *see also* Wis. Stat. § 970.04.

We concluded our analysis by examining the historically broad charging discretion of the district attorney, stating:

> Once it has been determined that there is probable cause to believe a felony has been committed by the defendant and he is bound over for trial, the prosecutor is not bound, in preparing an information, to the charges advanced at the preliminary examination. Rather the prosecutor may charge in the information any crime not wholly unrelated to the transactions and facts adduced at the preliminary examination. *Bailey v. State*, 65 Wis. 2d 331, 222 N.W.2d 871 (1974). The purpose of the preliminary examination has been satisfied once a finding of

> probable cause has been made, and the prosecutor may allege additional related charges in the information. *Bailey v. State, supra,* 341.

*Wittke,* 80 Wis. 2d at 352.

Shortly thereafter, this court, in *Hooper,* addressed the procedure following a bind over on probable cause to believe the defendant had committed a felony in accord with Wis. Stat. § 971.01(1), which provides as follows:

> The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and, subject to s. 970.03(10), shall file an information according to the evidence on such examination subscribing his or her name thereto.

We interpreted § 971.01(1) as providing district attorneys, in the exercise of their quasi-judicial prosecutorial discretion, "the responsibility of formulating a *specific charge* within the confines of and not wholly unrelated to the transaction or facts considered or testified to at the preliminary examination." *Hooper,* 101 Wis. 2d at 536. In holding that the count in the information at issue was sufficiently based upon the evidence adduced at the preliminary hearing, this court reiterated the analysis for determining whether the prosecutor has properly exercised his broad charging discretion:

> Thus, we hold that in ascertaining whether the prosecutor abused his discretion, this court must look to the record of the preliminary examination to determine if the charge recited in the information was within the confines of and not wholly unrelated to the facts and circumstances testified to at that

hearing. If the evidence adduced at the preliminary hearing supports the district attorney's charging decision, then it follows that the charges recited in the information are within the confines of and not wholly unrelated to the testimony elicited at that examination.

In applying this standard, however, we remain cognizant of the fact that a preliminary hearing is not a full evidentiary trial and that the purpose of a preliminary examination is only to determine whether further criminal proceedings are justified. *Taylor v. State*, 55 Wis. 2d 168, 172-73, 197 N.W.2d 805 (1972).

*Hooper*, 101 Wis. 2d at 539.[8]

█

Faced with a single count criminal complaint in the present case, the court commissioner found probable cause to believe Akins had committed a felony, thereby binding the defendant over for trial. However, he then went on to state that he felt there was no

---

[8] However, we reiterate our earlier statement in this opinion that where a transactionally distinct count is found lacking in probable cause and therefore dismissed, it may not be recharged nor may any counts arising from that same incident be included in a subsequent information. Consequently, no evidence introduced in the preliminary examination can be used to support a count charged in an information unless that evidence itself relates to a count on which the defendant has been bound over. *See also [John] Williams*, 198 Wis. 2d at 531-32, as well as step three of the analysis for preliminary examinations:

> (3) Conversely, if no probable cause is found that a felony was committed in conjunction with review of counts that are transactionally related, the examining judge shall dismiss all those counts and the district attorney may not include in the information those counts or any additional counts arising from that common nucleus of facts. *Id.* at 535-36.

probable cause to support the count charged in the complaint, armed burglary. In doing so, we find that the commissioner exceeded his limited authority at the preliminary hearing. The commissioner's role at the preliminary examination, according to Wis. Stat. § 970.03(1) was simply to determine whether probable cause existed to believe a felony had been committed by the defendant.[9] Upon a finding of the required probable cause, the commissioner's inquiry should have ended. *See* Wis. Stat. § 970.03(7). Any further discussion regarding whether the State had established probable cause as to the precise felony charged in the single count complaint was inappropriate and unnecessary.[10] A holding to the contrary, allowing the commissioner to also make a "no probable cause" deter-

---

[9] In *Burke*, this court discussed the relationship between Wis. Stat. §§ 970.03(7) and 971.01(1) recognizing that:

> *Bailey* holds there is no requirement in sec. 971.01(1), Stats., that there must be direct evidence, much less sufficient evidence to support a probable cause finding, presented at the preliminary examination for each charge in the information. If the legislature had intended a probable cause finding for each count in an information, sec. 971.01(1) would expressly make that requirement, or sec. 970.03(7), Stats., would require the circuit court to state the specific felony it believed the defendant probably committed and provide only that felony could be charged in the information.

*Burke*, 153 Wis. 2d at 456.

[10] The court commissioner apparently recognized the error which had been committed upon the finding of no probable cause with respect to the charge of armed burglary when he stated: "The only finding that really counts is whether I found probable cause that a felony has been committed. And that's the finding." *See also [John] Williams*, 198 Wis. 2d at 536-37 (stating that "[e]ach of the particular felonies charged need not be proved. It is not necessary and, in fact, is inadvisable for the court to opine as to exactly what felony was probably committed.") *Id.*

mination after establishing probable cause to believe a felony was committed in a single count complaint, would unnecessarily restrict the quasi-judicial charging discretion of the district attorney, inconsistent with precedent of this court.[11]

The underlying purpose of the preliminary examination has historically been to determine whether the defendant should be subjected to criminal prosecution and further deprived of his liberty. *See State v. Dunn*, 121 Wis. 2d 389, 394-95, 359 N.W.2d 151 (1984); *Thies v. State*, 178 Wis. 98, 103, 189 N.W. 539 (1922). In the present case, the evidence adduced at the preliminary examination clearly supported the determination that probable cause existed to believe that Akins had committed a felony, theft of a firearm. Requiring a bind over under these facts sufficiently satisfied the purpose of the preliminary examination, namely, that there existed a substantial basis for bringing the prosecution. *See Dunn*, 121 Wis. 2d at 398.

In accordance with longstanding precedent of this court, the prosecutor's charging discretion is not inhibited by the court commissioner's commentary regarding a lack of probable cause as to the original count in the criminal complaint, armed burglary. The prosecutor was able to include any count in the information as long as it was transactionally related to the count on which Akins was bound over. A review of the record indicates that the basis for the armed burglary count arose from a common nucleus of facts which were

---

[11] *See Hooper*, 101 Wis. 2d at 536 (holding that "the prosecuting attorney is not limited to the opinion of the preliminary hearing judge as to the crime or crimes to be charged in the information."); *Bailey*, 65 Wis. 2d at 341; *Burke*, 153 Wis. 2d at 457; *Richer*, 174 Wis. 2d at 253.

transactionally related, and wholly within the confines of the testimony and circumstances presented at the hearing. The prosecutor's exercise of discretion in charging armed burglary in the information was completely consistent with Wis. Stat. § 971.01(1), and we therefore conclude that the circuit court's order denying the motion to dismiss was appropriate under the law of this state.

*By the Court.*—The decision of the circuit court is affirmed.

WILLIAM A. BABLITCH, J. (*concurring*). For the reasons stated in the concurrence to *State v. John T. Williams* 198 Wis. 2d 516, 544 N.W.2d 406 (1996), I concur.

I am authorized to state that Justices Shirley S. Abrahamson and Ann Walsh Bradley join in this concurrence.